STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
Case Type: Civil

---

Bobby Hayward Smith,

Plaintiff,

v.

Officer Sherry Appledorn (in her individual
and official capacities), Officer Joshua Rick
(in his individual and official capacities),
Sergeant Gary Nelson (in his individual and
official capacities), and the City of Minneapolis,

Defendants.

Court File No.:

**COMPLAINT AND JURY
DEMAND**

---

## INTRODUCTION

1.      This is an action for money damages for injuries and damages sustained by
Plaintiff Bobby Hayward Smith as a result of the violations of his rights under the United States
Constitution by Defendant Officer Sherry Appledorn, Defendant Officer Joshua Rick, and
Defendant Sergeant Gary Nelson, police officers of the City of Minneapolis, and by the City of
Minneapolis.

2.      It is alleged that the defendant police officers made an unreasonable seizure of the
person of Bobby Hayward Smith, subjected him to excessive, unreasonable, and unjustified
force, and maliciously caused him to be charged with a crime, thereby violating his rights under
the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged
that these violations were committed as a result of policies and customs of the City of
Minneapolis.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and
Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343.
This Court has concurrent jurisdiction over these statutory and constitutional provisions.

1

EXHIBIT

B

4.      This action properly lies in Hennepin County because the City of Minneapolis is located in Hennepin County and all the facts complained of arose in Hennepin County.

## PARTIES

5.      Plaintiff Bobby Hayward Smith was at all material times a resident of Minneapolis, Minnesota, and of full age.

6.      Defendant Officer Appledorn, Defendant Officer Rick, and Defendant Sergeant Nelson were at all times relevant to this Complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

7.      The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the said police officers.

## FACTS

8.      In the early morning on or about June 29, 2009, Plaintiff Bobby Hayward Smith, an African American male, was walking with a friend through a parking lot near 4th Street South and Nicollet Avenue in Minneapolis on the way to their car.  While walking, they saw a group of people fighting approximately twenty feet away from them.  Plaintiff and his friend stopped to watch the people who were fighting and were merely innocent bystanders to the fight.

9.      Defendant Officer Appledorn approached Plaintiff and yelled at him to leave the area as she violently shoved him, causing him to fall to the ground.  As Plaintiff tried to stand up so he could leave the area as ordered, Defendant Officer Appledorn deployed her department-issued taser.  The taser's probes pierced Plaintiff's left torso, sending an electrical shock through Plaintiff's nervous system for several seconds that caused Plaintiff to become temporarily paralyzed and to fall to the ground on his right side.  While the taser was still sending the electrical shock into Plaintiff's body and Plaintiff laid motionless, Defendant Officer Appledorn rushed over to Plaintiff and kicked him in his back with her steel-toed boot.

10.      Defendant Officer Rick assisted and lent his physical presence and support to Defendant Officer Appledorn.  Defendant Officer Rick handcuffed Plaintiff as Defendant Officer Appledorn gave Plaintiff a five-second drive stun in the buttocks with a taser.  As Plaintiff continued to lay motionless on his right side, Defendant Officer Appledorn repeatedly punched Plaintiff in the head and left shoulder.

11.     Defendant Officer Appledorn and Defendant Officer Rick placed Plaintiff under arrest and transported him to the Hennepin County jail where he was booked and held in custody for several hours.

12.     Defendant Sergeant Nelson acted as the Supervising Officer and Approving Supervisor during these events.

13.     Defendant Officers Appledorn and Rick unlawfully and unreasonably seized Plaintiff.  At no time during the events described above did Plaintiff commit a crime, pose a physical threat, resist or attempt to resist arrest or behave disorderly.  Plaintiff was not intoxicated, a threat to the safety of himself or others, or a flight risk.

14.     Defendants had no warrant for the arrest of Plaintiff, no probable cause for the arrest of Plaintiff, and no legal cause or excuse to seize the person of the Plaintiff.

15.     Defendant Officer Appledorn, Defendant Officer Rick, and Defendant Sergeant Nelson intentionally and maliciously caused Plaintiff to be charged with Disorderly Conduct without probable cause, compelling him to attend several court appearances and make himself amenable to orders and processes of the court.  The charges were later dismissed pursuant to a motion by the prosecutor.

16.     Defendant Officer Rick and Defendant Sergeant Nelson had both the duty and opportunity to intervene to prevent Defendant Appledorn from subjecting Plaintiff to the use of unnecessary, unreasonable, and excessive force, but failed to do so.

17.     At all times during the events described above, Defendant Officer Appledorn, Defendant Officer Rick, and Defendant Sergeant Nelson were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events.

18.     Defendant Officer Appledorn has been the subject of prior citizen complaints of police misconduct and Internal Affairs investigations.  The City of Minneapolis inadequately and improperly supervised and trained Officer Appledorn who was known to have engaged in police misconduct.

19.     As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:
        a.     Violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution;
        b.     Loss of his physical liberty; and
        c.     Physical pain and suffering and emotional trauma and suffering.

20.     The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

      a.     Freedom from unreasonable seizure of his person;

      b.     Freedom from the use of excessive, unreasonable and unjustified force against his person; and

      c.     Freedom from malicious prosecution for false and groundless charges.

## COUNT 1 - FALSE ARREST
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 20 and further states:

21.     Defendant Officer Appledorn, Defendant Officer Rick, and Defendant Sergeant Nelson arrested and imprisoned Plaintiff without arguable probable cause.

22.     As a result of this false arrest and illegal imprisonment, Plaintiff suffered the damages listed above.

## COUNT 2 – EXCESSIVE USE OF FORCE
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 22 and further states:

23.     Defendant Officer Appledorn subjected Plaintiff to excessive, unreasonable, and unjustified force when she tazed, kicked, and punched Plaintiff in violation of the Fourth Amendment prohibition against unreasonable seizure.

24.     As a result of this excessive use of force, Plaintiff suffered the damages listed above.

## COUNT 3 - MALICIOUS PROSECUTION
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 24 and further states:

25.     Defendant Officer Appledorn, Defendant Officer Rick, and Defendant Sergeant Nelson caused Plaintiff to be charged with Disorderly Conduct without arguable probable cause.

26.     As a result of this malicious prosecution, Plaintiff suffered the damages listed above.

## COUNT 4 - FAILURE TO INTERVENE
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 26 and further states:

27.     Defendant Officer Rick and Defendant Sergeant Nelson had the opportunity to intervene on behalf of Plaintiff and prevent Defendant Officer Appledorn from subjecting Plaintiff to the use of excessive force and deprive Plaintiff of his civil rights but failed to do so.

28.     As a result of this failure to intervene, Plaintiff suffered the damages listed above.

## COUNT 5 - *MONELL* CLAIM
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff re-alleges paragraphs 1 through 28 and further states:

29.     Prior to June 29, 2009, the City of Minneapolis developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Minneapolis, causing the violation of Plaintiff's rights.

30.     It was the policy and/or custom of the City of Minneapolis to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Minneapolis, including, but not limited to multiple complaints and Internal Affairs investigations involving Defendant Officer Sherry Appledorn.

31.     It was the policy and/or custom of the City of Minneapolis to inadequately supervise, train, and discipline its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training or adequately discipline officers who were known to have engaged in police misconduct, including Defendant Officer Sherry Appledorn.

32.     As a result of the above described policies and customs, police officers of the City of Minneapolis, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33.     The policies and customs of failing to adequately and properly investigate complaints of misconduct, failing to supervise, failing to train, failing to discipline, ratifying conduct, and being deliberately indifferent on the part of policy makers of the City of Minneapolis to the constitutional rights of the persons within the City were the moving force behind the violations of Plaintiff's rights.

5

**WHEREFORE,** Plaintiff requests judgment and relief as follows:

a.  awarding Plaintiff compensatory damages against Defendants, each of them, jointly and severally;

b.  awarding Plaintiff punitive damages such as the Court and the Jury may deem just and equitable;

c.  awarding Plaintiff all of his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. Section 1988; and

c.  granting such other relief as the Court may deem just and equitable.

Plaintiff hereby demands a jury trial.

Dated:  September _19_, 2011

Respectfully submitted,

**THE ADVOCATE LAW FIRM, LLC**

Toni M. Lee (0341101)
P.O. Box 2424
Minneapolis, MN 55402
Phone: (612) 605-5790
Fax: (800) 605-0151
lee@theadvocatelawfirm.com

**APPLEBAUM LAW FIRM**

Paul Applebaum (223098)
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
Phone: (651) 222-2999
Fax: (651) 223-5179
paulpapple@hotmail.com

*ATTORNEYS FOR PLAINTIFF*